

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

June 2, 1994

Honorable Carl E. Lewis
Nueces County Attorney
Nueces County Courthouse
901 Leopard
Corpus Christi, Texas 78401-3680

Opinion No. DM-294

Re: What information a law enforcement agency is authorized to give to a public school district or private school under article 15.27 of the Code of Criminal Procedure   (RQ-628)

Dear Mr. Lewis:

You ask us to advise you of the amount of detail that is authorized in a notification ⁻f an "arrest or detention" of a student under Code of Criminal Procedure article 15.27, ·hich was added by the Seventy-third Legislature. *See* Acts 1993, 73d Leg., ch. 461, § 1. Subsections (a) and (e)(1) of article 15.27 provide as follows:

> (a) A law enforcement agency that arrests or takes into custody as provided by Chapter 52, Family Code, an individual who the agency knows or believes is enrolled as a student in a public primary or secondary school, for an offense listed in Subsection (h) of this article, shall orally notify the superintendent or a person designated by the superintendent in the school district in which the student is enrolled or believed to be enrolled of that arrest or detention within 24 hours after the arrest or detention, or on the next school day. Within seven days after the date the oral notice is given, the law enforcement agency shall mail written notification, marked "PERSONAL and CONFIDENTIAL" on the mailing envelope, to the superintendent or the person designated by the superintendent. The written notification must have the following printed on its face in large, bold letters:
>
> > **"WARNING:** The information contained in this notice is intended only to inform appropriate school personnel of an arrest or detention of a student believed to be enrolled in this school. An arrest or detention should not be construed as proof that the student is guilty. Guilt is determined in a court of law. THE INFORMATION CONTAINED IN THIS NOTICE IS CONFIDENTIAL!"
>
> . . . .

> (e)(1) A law enforcement agency that arrests or detains an individual that the law enforcement agency knows or believes is enrolled as a student in a private primary or secondary school shall make the oral and written notifications described by Subsection (a) or this article to the principal or a school employee designated by the principal of the school in which the student is enrolled.

Although the statute does not specify the amount of information that is authorized, we are of the opinion that the legislature intended to authorize the communication of all information that will enable the school official to "take the precautions necessary to prevent further violence in the school," Code Crim. Proc. art. 15.27(g), and to further educational purposes and protect students and personnel at the school, *see id.* art. 15.27(d). We do not agree that the legislature intended the narrow interpretation of the statute that you inform us is put forth by some persons: that article 15.27 permits only the communication that a particular student has been arrested or detained, without any further explanation such as the nature of the alleged offense or the identity of an alleged victim who is a classmate of the arrested student.

We reach our conclusion by analyzing the statute as a court would. "In interpreting a statute, a court shall diligently attempt to ascertain legislative intent and shall consider at all times the old law, the evil, and the remedy." Gov't Code § 312.005.

> In construing a statute, whether or not the statute is considered ambiguous on its face, a court may consider among other matters the:
>
> (1) object sought to be attained;
>
> (2) circumstances under which the statute was enacted;
>
> (3) legislative history;
>
> (4) common law or former statutory provisions, including laws on the same or similar subjects;
>
> (5) consequences of a particular construction . . . .

*Id.* § 311.023.

According to the bill analysis for the Seventy-third Legislature's House Bill 23, which added article 15.27 to the Code of Criminal Procedure,

> [c]onfidentiality laws currently do not allow police and school officials to share information concerning crimes in which students are involved. During public hearings held by the House Subcommittee on Gangs, police and school officials asked that the confidentiality

> laws be changed to allow the sharing of information in order to
> prevent future violence.

House Comm. on Urban Affairs, Bill Analysis, H.B. 23, 73d Leg. (1993). The bill analysis thus indicates that crime in the schools was the evil within the legislature's contemplation. The analysis also indicates the legislature's recognition that the old law limited communications between law enforcement agencies and schools regarding criminal activity, with the result that the schools were unable to take appropriate measures to protect students and employees.

The old law hindered efforts to deter school crime because it prevented law enforcement authorities from reporting to a school that there was probable cause to believe that one or more students had committed a serious crime and therefore might pose a threat to the school environment.

> Both police and school officials reported that gangs would fight off-
> campus, then, unknown to school officials, rival gang members
> would be in the same classroom the following day, greatly increasing
> the potential for violence.

*Id.* Before House Bill 23 amended it, section 51.14 of the Family Code prohibited the public disclosure of the contents of law enforcement records relating to delinquency of a child except to the juvenile court having jurisdiction of the child, an attorney for a party in the juvenile-court proceeding, or law enforcement officers when needed to perform their duties. Fam. Code § 51.14(d) Historical & Statutory Notes. The schools therefore were denied access to information that would enable them to take precautions to prevent disruption or violence.

The old law also hindered efforts to deter school crime because it discouraged the schools from reporting to law enforcement agencies that serious crimes involving students had occurred on campus, with the result that "the juvenile's record of violence [wa]s not completely known by the court which w[ould] decide punishment or rehabilitation." House Comm. on Urban Affairs, Bill Analysis, H.B. 23, 73d Leg. Apparently, school officials were reluctant to report suspicions of criminal activity at the schools because they feared being held liable for defamation. House Bill 23 added to the Education Code a new section 21.303. *See* Acts 1993, 73d Leg., ch. 461, § 2. This section, among other things, requires school principals or their designees to notify local law enforcement authorities if they have reasonable grounds to believe that certain criminal activities are occurring on school property or at school-related activities.[1] *See* Educ. Code § 21.303(a). Section 21.303 also immunizes from civil damages persons making reports in good faith under that section. *See id.* § 21.303(e).

---

[1]Merely reporting suspected criminal activity by students does not implicate the federal Family Educational Rights and Privacy Act of 1974, 20 U.S.C. § 1232g ("FERPA"). FERPA governs the availability of "education records."

Therefore, the purpose of House Bill 23, as stated in the bill analysis, was "[t]o allow police and school officials to share information about drug crimes, reckless conduct, the making of terroristic threats, weapons crimes, and gang-related crimes, in which students are involved." We believe that to fulfill this purpose, the statute should be interpreted as authorizing notification of all the circumstances surrounding an arrest or detention that would be relevant to the consideration of necessary precautions to protect students and employees and prevent disruption of school activities.

The committee-hearing statements of the author and the sponsor of House Bill 23 support a broad reading of the notification provisions in accordance with the purpose stated in the bill analysis. In a public hearing of the House Committee on Urban Affairs, Representative de la Garza, the author, explained the scope of the provisions in response to a question as follows:

> Q: When the school is notified that a student has a potential legal problem, then you are providing that information for educational purposes. In the testimony that came up in the hearings, what kinds of suggestions were made for those "educational purposes"?

> A: Well, what they're talking about is--when you use the phrase "educational purposes"--they're talking more along the lines of informing the school officials that this particular person, who is a juvenile, who is in the classroom, has committed a crime, perhaps against a person in the same school--usually that happens; it's someone that they know--or has been charged with a crime dealing with the delivery of narcotics, of controlled substances. . . . The purpose of this is to inform the school so they can provide a safer environment for the students in the class, and the teachers. And if that student is near or around the person that he or she has assaulted, then you do take steps to remove that threat so there's no continuation of the threat.

Hearings on H.B. 23 Before the House Comm. on Urban Affairs, 73d Leg. (Feb. 16, 1993) (tape available from House Video/Audio Services). In the same vein, the sponsor, Senator Shelley, answered a question as follows during a public hearing of the Senate Committee on Criminal Justice:

> Q: There are some pretty tight regulations on what you do with information on juveniles, and--would you just address that? Are we going to run into some problems?

> A: What this is going to do, it's going to amend the Family Code, those restrictions, so it'll allow it. It also is going to amend the Education Code and the Code of Criminal Procedure. And it has

> provisions for confidentiality with regard to that information that would be given to the school districts, the superintendent or the principal or their designated person to receive that information.[2]

Hearings on H.B. 23 Before the Senate Comm. on Crim. Just., 73d Leg. (May 11, 1993) (tape available from Senate Staff Services) (footnote added).

We believe that a narrow interpretation of article 15.27, permitting only the report that a student has been arrested for a crime within the scope of subsection (h) of the article, without further explanation, would be of little assistance to a school. Subsection (h) includes the following offenses: murder, capital murder, aggravated kidnapping, sexual assault, aggravated assault, aggravated sexual assault, injury to a child or elderly individual, arson, robbery, aggravated robbery, burglary, certain violations of the Controlled Substances Act, terroristic threat, unlawful possession of certain weapons or devices, and organized criminal activity. *See* Code Crim. Proc. art. 15.27(h). The mere fact of an arrest would provide little helpful information to the school because article 15.27 covers a great variety of crimes and the school's courses of action to maintain a safe environment conducive to learning would vary greatly depending on the type of alleged criminal activity and the identification of actual and potential victims. A cautious school administrator might assume every possible offense and might take multiple unnecessary actions in regard to the student, in spite of the provision in subsection (g) of article 15.27 that the "school official may take the precautions necessary to prevent further violence . . . but may not penalize a student solely because a notification is received about the student."

For the foregoing reasons, we conclude that article 15.27 authorizes a law enforcement agency to communicate to the proper school official the nature of the charges against an arrested or detained student, the identities of any alleged victims who are students or school personnel, and all other information about the arrest or detention of a student that will enable the school official to take appropriate action to prevent violence, protect students and school personnel, and further educational purposes.

---

[2]Article 15.27(f) provides, in part, as follows: "A person who receives information under this article may not disclose the information except as specifically authorized by this article." We note that the provisions of FERPA giving a student's parents access to the student's "education records" may limit the scope of this confidentiality provision.

## S U M M A R Y

Article 15.27 of the Code of Criminal Procedure authorizes a law enforcement agency to communicate to the proper school official the nature of the charges against an arrested or detained student, the identities of any alleged victims who are students or school personnel, and all other information about the arrest or detention of a student that will enable the school official to take appropriate action to prevent violence, protect students and school personnel, and further educational purposes.

Yours very truly,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

DREW DURHAM
Deputy Attorney General for Criminal Justice

WILL PRYOR
Special Counsel

RENEA HICKS
State Solicitor

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by James B. Pinson
Assistant Attorney General